IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMMIS TELEVISION
BROADCASTING, LP,
        Plaintiff,

v.

TRAVELCENTERS OF
AMERICA, INC.,
        Defendant.

CV. 06-1004-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Plaintiff Emmis Television Broadcasting, LP, ("Emmis") commenced this action against defendant Travelcenters of America, Inc., ("TCA") on June 15, 2006, in the Multnomah County Circuit Court of Oregon. TCA removed this action to this Court on July 14, 2006. This case arises out of an incident on July 12, 2005, at TCA's gas station, where TCA's employee pumped gasoline into the interior of Emmis's electronic news gathering ("ENG") van.

    Now before this Court is Defendant's Motion in Limine Regarding the Proper Measure of

Page 1 - OPINION AND ORDER

Damages [#32]. TCA seeks an order: 1) determining that the proper measure of damages to be applied at trial is the difference between the fair market value of Emmis's van and equipment immediately before and immediately after the incident causing damages; and 2) excluding all evidence and argument that Emmis is entitled to damages equal to the original or replacement cost of the property. Emmis argues that the questions of whether there is a market in similar property and whether market value is adequate compensation are fact questions for the jury and, if either are resolved in the negative, damages may be awarded based on the actual value of the property to Emmis.

## ANALYSIS

In Oregon, the measure of damages for the loss or destruction of personal property is the "difference between the fair market value of the property immediately before and immediately after the occurrence causing the damage." UCJI 70.09; *see Hayes Oyster Co. v. Dulcich*, 170 Or. App. 219, 226-27 (2000). Where there is no market value for the property, or where the property is household goods or furniture owned and kept for personal use, (where the Oregon courts have previously determined that fair market value will not fully compensate a plaintiff for the injury), the measure of damages is the actual value of the property to the owner, excluding any fanciful or sentimental value. *Hall v. Work*, 223 Or. 347, 361 (1960); *Hayes*, 170 Or. App. at 227, *citing Barber v. Motor Investment Co.*, 136 Or. 361 (1931)

Whether there is a market value for damaged property is a preliminary question of fact to be determined by the court pursuant to Oregon Evidence Code § 104(1). *Hayes,* 170 Or. App. 227-28 & n.11 (upholding a trial court's determination as a preliminary question of fact that damaged property had a market value). Based on the facts before this Court, I conclude there is a

basis for assessing the fair market value of Emmis's van and equipment. While it is not extensive, there appears to be a market for ENG vans and associated equipment. Additionally, the parties' experts have each estimated a fair market value of the van and equipment at the time of the incident.

## CONCLUSION

Defendant's Motion in Limine Regarding the Proper Measure of Damages [#32] is granted. The proper measure of damages to be applied at trial is the difference between the fair market value of Emmis's van and equipment immediately before and immediately after the July 12, 2005, incident at TCA's gas station. Emmis is precluded from offering evidence or argument at trial that there is no fair market value for the property or that the fair market value will not fully compensate Emmis for the damage to its van or equipment.

Dated this 15th day of June, 2007.

      /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge