IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EMMIS TELEVISION BROADCASTING
L.P.,

                Plaintiff,

v.

TRAVELCENTERS OF AMERICA, INC., and
TA OPERATING CORPORATION,

                Defendants.

CV. 06-1004-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

      Plaintiff Emmis Television Boradcasting, L.P. ("Emmis") prevailed following a bench trial in its action against defendants TravelCenters of America, Inc., and TA Operating Corporation. Pursuant to Federal Civil Procedure Rule 54(d)(1), Emmis now seeks $5232.66 in costs incurred in litigating this matter.

      Emmis' bill of costs includes $1,879.10 in stenographic reporting fees in connection with the depositions of Nigel Cutler, Stephen Gill, John Taylor, and Stephen Williamson, and $1,204.75 in videographer fees in connection with the same depositions. Defendants object to the inclusion of the videographer fees, but does not otherwise object to Emmis' bill of costs.

Page 1 - OPINION AND ORDER

In *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987), the Supreme court made clear that the discretion of the district courts to award costs pursuant to Rule 54(d) is limited to those items enumerated as taxable costs in 28 U.S.C. § 1920. Section 1920 provides, in relevant part, that:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Thus, Section 1920(2) authorizes this court to award Emmis its stenographic reporting fees; no statutory basis exists, however, for award of videographer fees.[1]

Moreover, Section 1920(2) authorizes award of transcript fees only where "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Here, Emmis obtained both stenographic transcription and videorecords of the depositions at issue. Either method of recording the depositions could arguably have been necessary for use in the case, but to employ both methods clearly was not. Section 1920(2) authorizes at most one recording method.

---

[1] In so holding I do not foreclose the possibility that videographer fees could be awarded where videography was the *sole* means by which a deposition was recorded. *See* Fed. R. Civ. P. 30(b)(2); *see also*, *e.g.*, *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). Here, however, Emmis elected to record the depositions at issue both by stenographic transcription and by videography.

I therefore find that defendants' objection is well taken. Emmis is not entitled to award of its costs incurred in videotaping the depositions.

Defendants are ordered to reimburse Emmis in the amount of $4,027.91 for costs incurred in litigating this action.

Dated this 19th day of October, 2007.

        /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge